UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAXINE HUDACEK,

                                   Civil Case No. : 1:19-cv-1147

                   Plaintiff,

         -against-                             **COMPLAINT**

NE & WS INC.,
NE & WS METAL WORKS, INC.,             Plaintiff Demands A
EDWARD NOWAKOWSKI, individually, and     Trial By Jury
VOYTEK KUROPATRICKI, individually,

                         Defendants.
------------------------------------------------------------X

Plaintiff, MAXINE HUDACEK (hereinafter referred to as "Plaintiff"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants NE & WS INC. (hereinafter referred to as "NE & WS"), NE & WS METAL WORKS, INC. (hereinafter referred to as "METAL WORKS"), EDWARD NOWAKOWSKI (hereinafter referred to as "NOWAKOWSKI"), individually, and VOYTEK KUROPATRICKI (hereinafter referred to as "KUROPATRICKI"), individually (hereinafter collectively referred to as "Defendants"), upon information and belief as follows:

## NATURE OF CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the laws of the State of New York and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a

result of, *inter alia,* sex/gender discrimination, sexual harassment, hostile work environment, retaliation and wrongful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This case involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about April 5, 2018, Plaintiff filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about November 28, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that gave rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

8. Plaintiff is an individual woman who is a resident of the State of New York, County of Queens.

9. At all times material, Defendant NE & WS is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, Defendant METAL WORKS is a domestic business corporation duly

existing by the virtue and laws of the State of New York that does business in the State of New York.

11. At all times material, Defendants NE & WS and METAL WORKS operate a stair and railing design-manufacturing company.

12. At all times material, Defendants NE & WS and METAL WORKS were joint employers of Plaintiff.

13. At all times material, Defendant NOWAKOWSKI is an individual man who is a resident of the State of New York.

14. At all times material, Defendant NOWAKOWSKI was and is the Owner of Defendants NE & WS and METAL WORKS.

15. At all times material, Defendant NOWAKOWSKI held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

16. At all times material, Defendant KUROPATRICKI is an individual man who is a resident of the State of New York.

17. At all times material, Defendant KUROPATRICKI was the General Manager of Defendants NE & WS and METAL WORKS.

18. At all times material, Defendant KUROPATRICKI held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's employment, including the power to hire and fire Plaintiff.

## **MATERIAL FACTS**

19. On or about December 12, 2016, Defendants hired Plaintiff as an Office Manager.

20. Throughout the course of Plaintiff's employment with Defendants, Defendant

NOWAKOWSKI discriminated against Plaintiff (and others) on the basis of her sex/gender, and subjected Plaintiff (and others) to a hostile work environment on the basis of her sex/gender.

21. In addition to the discrimination and hostile work environment that Defendants subjected its employees, Defendants also knowingly permitted Defendant NOWAKOWSKI to sexually harass and assault female employees, including Plaintiff.

22. Defendant NOWAKOWSKI exhibited a pattern and practice of making sexual advances towards Defendants' subordinate female employees, and retaliating against them if they rejected his advances.

23. In or around February 2017, Defendant NOWAKOWSKI started making inappropriate sexual comments and unwelcome sexual advances towards Plaintiff.

24. By way of example only, in or around February 2017, Plaintiff frequently worked alone in the office with Defendant NOWAKOWSKI. While working alone with Defendant NOWAKOWSKI, NOWAKOWSKI made vulgar and unwanted sexual comments to Plaintiff.

25. Defendant NOWAKOWSKI informed Plaintiff that he was obsessed with African-American women and described lewd sexual fantasies he wished to fulfill with "black women."

26. Plaintiff informed Defendant NOWAKOWSKI that she was highly offended by his unwelcomed and vulgar comments. Plaintiff began to suffer anxiety and depression as a result of being alone in the same office with NOWAKOWSKI.

27. In or around March 2017, Defendant NOWAKOWSKI escalated the nature and frequency of his sexual misconduct. NOWAKOWSKI's unlawful behavior escalated from verbal

harassment to physical sexual assaults.

28. In or around March 2017, Defendant NOWAKOWSKI started to grope Plaintiff's buttocks and breasts.

29. Defendants sexually harassed and assaulted Plaintiff and subjected Plaintiff to a hostile work environment on the basis of her sex/gender.

30. Plaintiff felt violated, outraged and disgusted that Defendant NOWAKOWSKI acted in such an egregious manner. Plaintiff instructed Defendant NOWAKOWSKI to refrain from touching her ever again.

31. Shortly thereafter, as a result of Defendants' actions, Plaintiff resigned from her employment and was constructively discharged.

32. In or around May 2017, Defendant NOWAKOWSKI contacted Plaintiff and begged Plaintiff to return to work. Plaintiff informed Defendant NOWAKOWSKI that she was not interested and did not wish to be back in an environment in which she would be sexually harassed.

33. Defendant NOWAKOWSKI promised Plaintiff that if she returned to work, things would be "strictly business this time."

34. Shortly thereafter, in or around May 2017, Plaintiff returned to work for Defendants.

35. To Plaintiff's dismay, Defendant NOWAKOWSKI did not uphold his promise.

36. NOWAKOWSKI quickly returned to his old habits and made a myriad of unwanted sexual remarks, as well as unwelcomed sexual advances toward Plaintiff.

37. On numerous occasions in or around May 2017, Defendant NOWAKOWSKI invited Plaintiff to his home, invited Plaintiff to meet him for drinks, groped Plaintiff's breasts, hips, and buttocks, and pressured Plaintiff to have sex with him.

38. In fact, Defendant NOWAKOWSKI informed Plaintiff that he was getting divorced, and "didn't have sex in a long time."

39. Defendants continued to subject Plaintiff to a hostile work environment on the basis of her sex/gender.

40. Defendants continued to discriminate against Plaintiff on the basis of her sex/gender.

41. In or around May 2017, Defendant NOWAKOWSKI informed Plaintiff, "I want to fuck you."

42. Plaintiff was appalled that Defendant NOWAKOWSKI - her boss and the Owner of the company - would use such vulgar and lewd language when speaking to Plaintiff.

43. Plaintiff continued to vehemently oppose Defendant NOWAKOWSKI's relentless sexual advances.

44. Defendant NOWAKOWSKI's egregious behavior and conduct further activated, aggravated, and exacerbated Plaintiff's anxiety and depression.

45. In or around June 2017, Defendant NOWAKOWSKI began to increase Plaintiff's workload and insist that she work alone with him in the office.

46. As a result, Plaintiff requested a meeting with Defendant NOWAKOWSKI to discuss a solution to reduce her workload.

47. In response, in or around June 2017, Defendant NOWAKOWSKI invited Plaintiff to meet at his home to discuss her workload.

48. Upon Plaintiff arriving at NOWAKOWSKI's home, NOWAKOWSKI immediately offered Plaintiff an alcoholic drink that he had prepared for her. It appeared that NOWAKOWSKI had been drinking before Plaintiff had arrived.

49. Plaintiff felt panicked and feared for her safety. Plaintiff attempted to discuss her workload

with NOWAKOWSKI, but it was apparent that NOWAKOWSKI had other plans. Defendant NOWAKOWSKI informed Plaintiff, "You didn't think I brought you all the way here just to talk about what's happening at work."

50. Defendant NOWAKOWSKI began to force himself upon Plaintiff. Defendant NOWAKOWSKI stated, "I am seventy-year old man, my wife don't wanna have sex, I have needs."

51. Plaintiff was mortified and felt a wave of anxiety immediately rush over her.

52. Plaintiff protested and informed Defendant NOWAKOWSKI that she was uncomfortable. Defendant NOWAKOWSKI **continued to disregard Plaintiff's cries and raped Plaintiff**.

53. Defendants discriminated against Plaintiff on the basis of her sex/gender and subjected Plaintiff to a hostile work environment on the basis of her sex/gender.

54. Defendant NOWAKOWSKI's vile and reprehensible actions left Plaintiff feeling worthless and inhuman.

55. As a result of the vicious attack, Plaintiff never returned to work for Defendants and sought psychiatric treatment.

56. Given the unbearable and hostile nature of the workplace environment created by Defendants, Plaintiff was constructively discharged in or around July 2017.

57. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-

pecuniary losses.

59. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants, jointly and severally.

60. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violation doctrine.

61. Plaintiff claims that Defendants unlawfully discriminated against and constructively discharged Plaintiff because of her sex/gender, and because she complained or opposed the unlawful conduct of Defendants related to her sex/gender.

62. Plaintiff claims constructive and/or actual discharge.

63. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (AGAINST DEFENDANTS NE & WS and METAL WORKS)

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

66. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et

seq., by subjecting Plaintiff to discrimination on the basis of her sex/gender, together with subjecting Plaintiff to sexual harassment, and causing a hostile work environment based on the same.

67. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

68. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII
(AGAINST DEFENDANTS NE & WS and METAL WORKS)**

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)   provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

71. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

72. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender together with subjecting Plaintiff to sexual harassment, and causing a hostile work environment based on the same.

77. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section

applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article".

81. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of her employment because of her opposition to the unlawful employment practices of Defendants.

82. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING**
**UNDER NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

86. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

87. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

89. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

91. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex/gender together with subjecting Plaintiff to sexual harassment and causing a hostile work environment based on the same.

92. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

93. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

94. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

95. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer, . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

96. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

97. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

99. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

100. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

101. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

102. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of New York City Administrative Code.

103.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

104.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

105.    Section 8-107(19), entitled Interference with protected rights provides that "It shall be an

unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere

with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected pursuant to this section."

106.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

107.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

108.    Section 8-107(13) entitled Employer liability for discriminatory conduct by employee,

agent or independent contractor provides "An employer shall be liable for an unlawful

discriminatory practice based upon the conduct of an employee or agent which is in violation

of any provision of this section other than subdivisions one and two of this section." b. An

employer shall be liable for an unlawful discriminatory practice based upon the conduct of an

employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or (2) the

employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such

conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

109.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION**
**GENDER MOTIOVATED VIOLENCE PROTECTION ACT**
**(AGAINST DEFENDANT NOWAKOWSKI)**

110.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

111.    N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

112.    N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent

jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

113.    N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

114.    Defendant NOWAKOWSKI's conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

115.    As a result of Defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

**AS A TWELFTH CAUSE OF ACTION
FOR CIVIL LIABILITY FOR CONDUCT
CONSTITUTING CRIMES UNDER PENAL LAW §130
(AGAINST DEFENDANT NOWAKOWSKI)**

116.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

117.    § 130.35 of the New York State Penal Law provides as follows: Rape in the first degree 1 A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.35

118.    § 130.50 of the New York State Penal Law provides as follows: Criminal sexual act in the first degree 1 A person is guilty of criminal sexual act in the first degree when he or she engages

in oral sexual conduct or anal sexual conduct with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.50.

119.     Section 130.70 of the New York State Penal Law; "Aggravated sexual abuse in the first degree" provides that "A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person:

120.     Defendant NOWAKOWSKI violated the herein sections as set forth herein.

121.     § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought, or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a

civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c

122. Defendant NOWAKOWSKI is civilly liable for violating all of the above Sections of the New York State Penal Law as described above.

123. Defendant NOWAKOWSKI violated the above law as set forth herein and Plaintiff suffered numerous damages as a result.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT NOWAKOWSKI)

124. Plaintiff repeats and realleges each and every allegation made in the complaint as if they were set forth herein fully at length.

125. Defendant's behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

126. Defendant's conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

127. Defendant caused Plaintiff to fear for Plaintiff's own safety.

128. Defendant's breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

129. As a result of Defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A FOURTEENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANTS NE & WS and METAL WORKS)

130. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

131.    Defendants NE & WS and METAL WORKS knew, or reasonably should have known, that Defendant NOWAKOWSKI was engaging in the unlawful behavior described herein above.

132.    At all times material herein, Defendants knew, or reasonably should have known, that the conduct, acts, and failures to act of all other Defendants and/or supervisors, agents and employees as described herein above violated Plaintiff's rights under federal, state and municipal statutes, codes and ordinances.

133.    At all times material herein, Defendants NE & WS and METAL WORKS knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

134.    At all times material herein Defendants NE & WS and METAL WORKS knew, or in the exercise of reasonable care should have known, that unless Defendants, and each of them, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of all other Defendants and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

135.    Defendants NE & WS and METAL WORKS knew, or in the exercise of reasonable care should have known, that unless Defendants, and each of them, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Defendants and others as described herein, Defendants' failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

136.   At all times material herein, Defendants, and each of them, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all other Defendants and/or supervisors, agents or employees as described herein above.

137.   Despite said knowledge, power, and duty, Defendants and each of them negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

138.   As a direct and proximate result of the failure of Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all other Defendants and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

139.   At all times material herein, the failure of Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all other Defendants and/or supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

140.   As a direct and proximate result of Defendants' actions and failures to act, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by mental health and other health professionals, and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and

job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

141.    Defendants' conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.   The acts of Defendants were performed with the knowledge of an employer's economic power over its employees. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct of all of the other Defendants in this action. Consequently, Plaintiff is entitled to punitive damages from all Defendants.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.


**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.


Dated: February 26, 2019
       New York, New York


                              **DEREK SMITH LAW GROUP, PLLC**
                              *Attorneys for Plaintiff*

                              /s/Zack Holzberg_____
                              Zack Holzberg, Esq.
                              One Penn Plaza, Suite 4905
                              New York, New York 10119
                              212-587-0760